UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NICHOLAS LANE,

         **Plaintiff,**

    v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION et al.,**

         **Defendants.**

Case No. 2:20-CV-5492
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

### REPORT AND RECOMMENDATION AND ORDER

Plaintiff Nicholas Lane, a *pro se* prisoner, brings this action against the Warden of the Noble Correctional Institute ("NCI"), Maintenance Supervisor Warner, and John Doe Inmate. (Doc. 1-1). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. §1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (*Id.*).

Pursuant to 28 U.S.C. §1915(b)(1), the custodian of Plaintiff's inmate trust account at the Noble Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.  After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. §1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Checks should be made payable to Clerk, United States District Court and should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II.     INITIAL SCREEN

### A.     Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Undersigned must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

    **B.**    **The Complaint**

Plaintiff's factual allegation are sparse. The Undersigned thus derives the following from the attachments to the Complaint. *See, e.g.*, *Spencer v. Oldham*, No. 12-2519-JDT-TMP, 2013 WL 3816620, at *1 (W.D. Tenn. July 22, 2013) (considering attachments to pro se prisoner's complaint for purposes of initial screen).

Plaintiff is hard of hearing. (Doc. 1-1 at 7). On June 11, 2020, Plaintiff was exercising on the track while another inmate mowed the outfield's lawn. (*Id.*). Plaintiff alleges he did not hear the tractor "directly at full bore" behind him, and he had to jump out of the way at the last second. (*Id.*). Plaintiff submitted an internal grievance that day, asking the institutional officers to review camera footage and urging them to do something to ensure the safety of inmates exercising in the yard. The following day, Plaintiff received a note that video footage revealed that the tractors were

already in the area when Plaintiff arrived at the track. (*Id*.). Consequently, Plaintiff should have been aware of his surroundings. (*Id*.). Plaintiff responded that, while he was aware of tractors in the outfield, he did not see them on the track until one drove up behind him. (*Id*.). He also suggested that the tractors should have an airhorn or other device to warn pedestrians. (*Id*.).

On June 17, 2020, Plaintiff received notice that, upon consultation with Defendant Maintenance Supervisor Warner, all tractor operators received safety training. (*Id*.). Notably, the inmate who operated the tractor on the day in question said that an inmate had repeatedly stepped in front of the tractors, forcing the operators to redirect the tractors to avoid hitting him. (*Id*.).

Plaintiff expressed his disagreement with these conclusions. (*See id*. at 8). Specifically, he questioned why the maintenance boss, who was sitting in a golf cart twenty yards behind the tractor operator, did not clear the path. Plaintiff indicated that he had spoken to his mental health counselor about this incident, noting that, as "a 40% Gulf War Veteran being treated for PTSD," this incident did "not help" his recovery. (*Id*.).

Plaintiff brought this action on October 20, 2020, against the Warden of NCI, Maintenance Supervisor Warden, and John Doe Inmate—Operator of Tractor. (Doc. 1-1). He seeks "relief for the wholly inadequate medical care, and defendants' deliberate indifference and unnecessary infliction of pain, following almost being run over by a tractor." (*Id*.). Plaintiff further alleges that "he is a Gulf War Veteran with a 40% disability from PTSD," and "this traumatic incident mentally and physically affected him." (*Id*. at 5).

### C. Discussion

Plaintiff's Complaint suffers from three fatal flaws. First, Plaintiff cannot proceed with his claim against Defendant John Doe Inmate, a private party. Additionally, Plaintiff fails to allege facts showing that Defendant Warner or the Warden of NCI were personally involved in the

4

alleged constitutional violation. Finally, Plaintiff fails to allege facts satisfying the objective and subjective components to an Eighth Amendment deliberate indifference claim.

### 1. *John Doe Inmate*

To begin, Plaintiff fails to state a claim against the inmate who operated the tractor on the day in question. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must set forth facts satisfying two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). Regarding the second element, "[t]he traditional definition of acting under color of law requires that the defendants in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). "Therefore, as a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515–16 (6th Cir. 2020) (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). Although there are exceptions to this rule, Plaintiff does not raise any. Thus, Plaintiff cannot proceed with his deliberate indifference claim against John Doe Inmate, who is a private party. Plaintiff's claims against him must be dismissed as a result.

### 2. *Personal Involvement*

As for Defendant Warner and the Warden of NCI, Plaintiff fails to set forth factual allegations showing they were personally involved in the alleged constitutional violation. "It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-0387, 2009 WL 47141, at *3

(M.D. Tenn. Jan. 7, 2009) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)). Specifically, a plaintiff "must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct." *Hodge*, 2009 WL 47141, at *3 (citations omitted).

There is nothing in Plaintiff's Complaint or the attached documents indicating that Defendant Warner or the Warden were involved in the alleged deliberate indifference to Plaintiff's medical needs. And to the extent Plaintiff seeks to hold the Warden liable under the theory of *respondeat superior*, or because of the Warden's supervisory position, the law does not permit him to do so. Rather, "[t]o be held liable, a supervisor must have encouraged the specific incident of misconduct or in some other way directly participated in it." *Hodge*, 2009 WL 47141, at *4 (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff alleges no such facts against the Warden.

In sum, Plaintiff has failed to provide sufficient factual content or context from which the Court could infer that Defendant Warner, or the Warden should be held liable in this case. And his claims against them cannot survive.

*3. Eighth Amendment Deliberate Indifference*

While the Undersigned need not discuss the merits of Plaintiff's Eighth Amendment deliberate indifference claim, it is worth noting that Plaintiff has failed to state a claim for relief. "[A]n actionable Eighth Amendment claim contains a subjective component that demands a showing that the defendant acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Hodge*, 2009 WL 47141, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 114 (1994)). The Sixth Circuit also "distinguish[es] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received

6

inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted) (quotations omitted). Regarding the latter, "federal courts are generally reluctant to second guess medical judgments" unless the care the plaintiff received was "so woefully inadequate as to amount to no treatment at all." *Id.*

Here, Plaintiff has failed to plead the objective and subjective components. He alleges that he was "almost" run over by a mowing tractor. (Doc. 1-1 at 5). But he does not allege that he was struck by the tractor or otherwise injured. Plaintiff's claims thus do not arise from an obvious injury that would notify a lay person that he needed medical care. *See Dodson v. Wilkinson*, 304 F. App'x 434, 439 (6th Cir. 2008) (quotation marks and citations omitted) (noting that the objective component requires a "sufficiently serious medical need"). To the extent Plaintiff's claim concerns his mental health, while "an inmate has a right to be free from deliberate indifference to his or her serious psychological needs," *Richmond v. Huq*, 885 F.3d 928, 942 (6th Cir. 2018) (quotation marks and citation omitted), an alleged set-back in mental health treatment does not rise to the level of a sufficiently serious psychological need, *cf. Grabow v. Cty. of Macomb*, 580 F. App'x 300, 307 (6th Cir. 2014) (quotation marks and citation omitted) (noting that "[a]n inmate's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies").

Additionally, Plaintiff fails to satisfy the subjective component. "The subjective component requires the plaintiff to allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Meeks v. Campbell*, No. 19-10868, 2020 WL 5902272, at *3 (E.D. Mich. Oct. 2, 2020) (citation omitted). Plaintiff does not allege that any Defendant knew that he needed care and then turned a blind eye.

To the contrary, Plaintiff appears to receive mental health counseling for his PTSD. (Doc. 1-1 at 8). And he does not allege that his treatment is "grossly inadequate." *See Balderson v. Ohio Dep't of Rehab. & Correction*, No. 2:12-CV-0235, 2012 WL 962702, at *3 (S.D. Ohio Mar. 21, 2012), *report and recommendation adopted sub nom. Balderson v. Mohr*, No. 2:12-CV-00235, 2012 WL 1552776 (S.D. Ohio May 1, 2012) (quotation marks and citation omitted) ("A complaint states a claim when it alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury."). Accordingly, Plaintiff has failed to state an Eighth Amendment deliberate indifference claim.

In sum, Plaintiff has failed to state a claim for relief against any of the three named Defendants, and his Complaint must be dismissed.

## III.  CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** the Complaint in its entirety. Further, should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal *in forma pauperis*.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those

portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   November 18, 2020                         /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE