# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS LANE,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:20-cv-5492** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **WARDEN, NOBLE CORRECTIONAL** | : | **Magistrate Judge Kimberly A. Jolson** |
| **INSTITUTION,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## AMENDED OPINION & ORDER

The following fully replaces the Court's prior Opinion of September 3, 2021 (ECF No. 7).[1]

This case is before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 3) and Plaintiff's Objections thereto (ECF No. 11). For the following reasons, the Court **OVERRULES** Plaintiff's Objections and **AFFIRMS** the Report and Recommendation. Given this disposition, Plaintiff's Motion to Appoint Counsel (ECF No. 12) is **MOOT**.

## I. BACKGROUND

Plaintiff, a *pro se* prisoner, brought this action against the Warden of the Noble Correctional Institution, maintenance supervisor Warner, and inmate John Doe (together, "Defendants") for "wholly inadequate medical care, and Defendants' deliberate indifference and unnecessary infliction of pain, following almost being run over by a tractor." (ECF No. 2).

---

[1] The prior Opinion had accepted the Magistrate Judge's Report and Recommendation for lack of objection. (ECF No. 7). Plaintiff did file timely objections, but they were not considered by the Court due to a docketing error. The Court therefore granted Plaintiff's motion to alter or amend the judgment and wrote that an amended order would issue following consideration of Plaintiff's objections. (ECF No. 10).

The Magistrate Judge derived the following from the attachments to the Complaint. *See, e.g., Spencer v Oldham*, 2013 WL 3816620, at *1 (W.D. Tenn. July 22, 2013) (considering attachments to *pro se* prisoner's complaint for purposes of initial screen).

> Plaintiff is hard of hearing. (Doc. 1-1 at 7). On June 11, 2020, Plaintiff was exercising on the track while another inmate mowed the outfield's lawn. (*Id.*). Plaintiff alleges he did not hear the tractor "directly at full bore" behind him, and he had to jump out of the way at the last second. (*Id.*). Plaintiff submitted an internal grievance that day, asking the institutional officers to review camera footage and urging them to do something to ensure the safety of inmates exercising in the yard. The following day, Plaintiff received a note that video footage revealed that the tractors were already in the area when Plaintiff arrived at the track. (*Id.*). Consequently, Plaintiff should have been aware of his surroundings. (*Id.*). Plaintiff responded that, while he was aware of tractors in the outfield, he did not see them on the track until one drove up behind him. (*Id.*). He also suggested that the tractors should have an airhorn or other device to warn pedestrians. (*Id.*).
>
> On June 17, 2020, Plaintiff received notice that, upon consultation with Defendant Maintenance Supervisor Warner, all tractor operators received safety training. (*Id.*). Notably, the inmate who operated the tractor on the day in question said that an inmate had repeatedly stepped in front of the tractors, forcing the operators to redirect the tractors to avoid hitting him. (*Id.*).
>
> Plaintiff expressed his disagreement with these conclusions. (*See id.* at 8). Specifically, he questioned why the maintenance boss, who was sitting in a golf cart twenty yards behind the tractor operator, did not clear the path. Plaintiff indicated that he had spoken to his mental health counselor about this incident, noting that, as "a 40% Gulf War Veteran being treated for PTSD," this incident did "not help" his recovery. (*Id.*).

(ECF No. 3 at 3–4).

The Magistrate Judge first granted Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 3 at 1–2). The Magistrate Judge then recommended the Plaintiff's Complaint be dismissed because: (1) Plaintiff could not proceed against inmate John Doe, as he is a private party (*Id.* at 5); (2) Plaintiff failed to allege facts showing that Defendant Warner or the Warden were personally involved in the alleged constitutional violation (*Id.* at 5–6); and (3) Plaintiff failed to allege facts satisfying the objective

and subjective components to an Eighth Amendment deliberate indifference claim (*Id.* at 6–8). In short, the Magistrate Judge concluded that Plaintiff had failed to identify any cognizable claims upon which relief could be granted.

Plaintiff timely filed his objections to the Report and Recommendation, claiming this court "would abuse its discretion by dismissing plaintiff's Eighth Amendment deliberate indifference to medical needs complaint before it had evidence that plaintiff's psychiatric needs were assessed in light of his mental illness." (ECF No. 11 at 1 (emphasis removed)). Dismissing the Complaint before receiving medical evidence, Plaintiff states, would require the Court "to play two roles: one as a doctor, and one as a judge." (*Id.*). Plaintiff also contends that "a jury might conclude that his alleged traumatic psychological damage was not evaluated or treated by a prison psychiatrist despite the prison having knowledge of his mental illnesses, his alleged traumatic experience, and that ongoing treatment for his mental illness is required after his release from prison." (*Id.* at 3–4). For these reasons, Plaintiff asks that "this Court grant Plaintiff's Complaint and allow him to proceed." (*Id.* at 1 (emphasis removed)).

## II. STANDARD OF REVIEW

When proceeding *in forma pauperis*, a court is permitted to dismiss any portion of a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

## III. ANALYSIS

Here, Plaintiff's Complaint fails to allege facts sufficient to support an Eighth Amendment claim against the three Defendants. To be clear, the Court is not passing medical judgment Plaintiff's diagnosed conditions, nor is it minimizing the mental health setback he alleges from the tractor incident. It is a different question—a purely legal one—whether Plaintiff may recover for the alleged harm, against these Defendants. The answer to that question is no.

To maintain an Eighth Amendment deliberate indifference claim, a plaintiff must establish "a subjective component that demands a showing that the defendant acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Williams v. Hodge*, 2009 WL 47141, at *4 (M.D. Tenn. Jan. 7, 2009) (citing *Farmer v Brennan*, 511 U.S. 825 (1994)). Plaintiff lacks sufficient factual and non-conclusory allegations as to how his situation might meet that standard. He does not allege, for example, that any Defendant intentionally denied treatment for known medical needs. On the contrary, Plaintiff does seem to be receiving care for his mental health. *See* ECF No. 2 at 8 ("I've also spoken to my mental health counselor, Ms. Anderson (RN), about this incident . . ."). Where care is being rendered, "federal courts are generally reluctant to second guess medical judgments," unless the care received was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotation marks omitted). Plaintiff does not allege any deficiency in the counseling he is receiving, so his Complaint does not clear this hurdle. As such, Plaintiff fails to demonstrate how his treatment by Defendants rises to the level of deliberate indifference.

Plaintiff also has sued Defendants from whom he cannot recover. Neither the Warden nor the maintenance supervisor was personally involved in the alleged constitutional violation, which precludes liability under Section 1983. *See, e.g., Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (supervisory liability "does not attach when it is premised on a mere failure to act"; rather,

defendant "must have played an active role in the alleged violations"). The only party personally involved was inmate John Doe; but as a private party, he did not act under color of law and therefore is outside the scope of Section 1983. *See, e.g.*, *Weser v. Goodson*, 965 F.3d 507, 515–16 (6th Cir. 2020) ("[A]s a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities."). This is an independent reason to dismiss the Complaint, and it does not depend at all on any medical evidence Plaintiff might introduce, nor on how a jury might evaluate that evidence.

## IV.  CONCLUSION

In summary, Plaintiff's Eighth Amendment claim is unviable as a matter of law. Because his Complaint has failed to plead a cognizable claim, Plaintiff's Objections (ECF No. 11) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (ECF No. 3) is **AFFIRMED.** Plaintiff's Motion to Appoint Counsel (ECF No. 12) is **DENIED AS MOOT**. This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 18, 2022**